EAGLETON HANSON AND SUSAN WILKES, EXECUTORS OF PETER WILKES, DECEASED, PLAINTIFFS IN ERROR, v. THE PENNSYLVANIA RAILROAD COMPANY, DEFENDANT IN ERROR.

Submitted March 25, 1898—Decided November 14, 1898.

1. An attempt to drive over a railroad crossing ahead of a freight train, which was in plain view and moving at about eight miles an hour, against the protesting action of the flagman, taken when the driver had abundance of time to avoid any risk or danger, which results in a collision and the fatal injury of the driver, is negligence precluding any right of recovery.
2. It is immaterial that the railroad company was negligent in that the flagman was careless or inert in giving the signal, or in the failure of the train hands to ring the engine bell or sound the locomotive whistle.

---

On error to Supreme Court.

For the plaintiffs in error, *Woodbury D. Holt* and *Chauncy H. Beasley.*

For the defendant in error, *Alan H. Strong* and *Charles E. Gummere.*

The opinion of the court was delivered by

LUDLOW, J.    Action was brought in the Supreme Court by the plaintiffs in error against the defendant railroad company to recover damages for the death of Mr. Peter Wilkes, caused by the wrongful acts or negligence of defendant railroad company, February 18th, 1897.    The cause was tried at the Mercer Circuit, and at the close of the plaintiffs' case, a motion to nonsuit, based on contributory negligence of the deceased, was made and granted by the justice holding said Circuit.    Exception was sealed and error assigned on such judicial action, and the writ in this case brought said action here for review.

There is no question that the granting of the motion to nonsuit in this case was right.

The facts as disclosed by the evidence of the plaintiffs, and as to which there is no dispute, are that Mr. Wilkes, now deceased, drove from his place of business on Canal street into Greenwood avenue, Trenton, about midday of February 18th, 1897, and thence over the bridge forming part of said avenue, going westerly.    This bridge is of the width of the avenue, and from its westerly end the avenue continues as a paved street to the canal bridge, which is a short distance westerly from the crossing of the Pennsylvania railroad used generally for its freight trains, and is laid across the avenue nearly at right angles therewith.    Between this crossing and the westerly end of the avenue bridge there is a distance of about forty-four feet of paved avenue or highway, clear and open.    On the day mentioned Mr. Wilkes, who was familiar with this locality and its surroundings, drove in a light carriage drawn by a single horse across the avenue bridge, going at the gait of about eight miles an hour.    When he reached the west end of the bridge, he did not slack up the gait of his horse, but drove on for the crossing.    As he reached the west end of this avenue bridge, a backing moving freight train had just entered on and was going on and over the said railroad crossing in his plain view, moving at about eight miles an hour, and was rapidly shutting off for the time any passage

over the crossing.    Mr. Wilkes did not pull up his horse or check his speed, or halt, but continued on, attempting the dangerous venture of driving over that crossing ahead of the approaching train, and he persisted in this against the protesting action of the flagman and his efforts to check him. When he reached the west end of the avenue bridge, and even when the flagman tried to check him, he was safe and had abundance of time and place to avoid any risk or danger. It was his duty to stop and wait until the moving backing train, in his clear view, had left or passed over the crossing. But, having his horse well in hand, and determined on his venture, he drove to one side of the flagman, passing him, and made for the crossing, taking the risks.    He failed to clear it, and the approaching train struck and caught the rear part of his carriage, pushing and crushing it on and along the railroad tracks, and Mr. Wilkes in a few moments was drawn out from the wreck fatally injured.

It may be, as was argued by the plaintiffs, that the railroad company was negligent in its flagman being inert and careless in giving signal, and in the failure of the train hands to ring the engine bell, and to sound the locomotive whistle, but this, if true, did not in the least excuse or justify or warrant the negligence and utter lack of ordinary prudence, care and precaution on the part of Mr. Wilkes as to his own safety and protection under the circumstances of his case. Such negligence of the company's employes, if there was any, was no excuse for his temerity.

The injuries which came to Mr. Wilkes on the occasion referred to, and which resulted in his death, were brought about from his own negligent conduct.

The judgment of the Supreme Court is affirme l.

*For affirmance*—THE CHANCELLOR, COLLINS, DEPUE, GARRISON, LIPPINCOTT, LUDLOW, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON, KRUEGER, NIXON, VREDENBURGH.    13.

*For reversal*—None.